UNITED STATES DISTRICT COURT         JS - 6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7208 PA (PLAx) | | Date | April 9, 2009 |
|---|---|---|---|---|
| Title | Bossa Nova Beverage Group v. Does 1-10 | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   **IN CHAMBERS - ORDER RE: DISMISSAL**

      Plaintiff filed a Complaint with this Court on October 30, 2008.  On March 19, 2009, the Court issued an Order to Show Cause re: Lack of Prosecution in light of the plaintiff's apparent failure to serve defendants.  The Order specifically warned plaintiff that the Court would dismiss this action 120 days after the filing of the Complaint as dictated by F.R.C.P. 4(m) if good cause was not shown for any extension of time.  Plaintiff was to respond to the Court's Order to Show Cause no later than April 2, 2009.  To date, however, no response to the Court's Order has been filed with this Court.

      It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdick v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

      In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

//

//

//

UNITED STATES DISTRICT COURT             JS - 6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7208 PA (PLAx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | Bossa Nova Beverage Group v. Does 1-10 | | |

      Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Such a dismissal, however, should not be entered unless plaintiff has been notified that dismissal is imminent.  See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990).  In this case, the Court cautioned plaintiff about the possibility of dismissal in the Court's standing order and in the Court's order of March 19, 2009.  Accordingly, plaintiff's action is dismissed without prejudice for failure to prosecute.

      IT IS SO ORDERED.

                                                                                                                                            :

Initials of Preparer